IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIMBERLY SMITH                      :
                                    :
v.                                  :   Civil No. WMN-06-1573
                                    :
U.S. AIRWAYS, INC.                  :


**MEMORANDUM**

    Before the Court is Plaintiff's Motion to Remand.  Paper No. 11. The motion is ripe for decision.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and the motion should be granted.

    This action was initially filed in the Circuit Court for Baltimore City.  Defendant was served with process on March 31, 2006. Defendant removed this action to this Court on June 16, 2006.  Because Defendant removed the action more than 30 days after it was served with the Complaint, Plaintiff argues that the case must be remanded as untimely pursuant to 28 U.S.C. § 1446.[1]  Defendant opposes remand, arguing that a stay entered by the Baltimore City Circuit Court extended the time by which removal could be effected.

    The following chronology is helpful to resolve the instant motion.  Defendant, along with several related entities, filed an involuntary bankruptcy petition in the Eastern District of Virginia in September of 2004.  On March 6, 2006, a "Stipulation Modifying Plan Injunction Between Reorganized Debtors and Kimberly Smith" was made

---

    [1] Section 1446 provides in pertinent part, "[t]he notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

final.  This stipulation permitted Plaintiff to proceed on her tort claim against Defendant, subject to certain limitations not relevant here.  Consistent with that stipulation, Plaintiff filed this suit in the Circuit Court for Baltimore City on March 9, 2006.  As noted above, Defendant was served with the Complaint on March 31, 2006.  Thus, pursuant to 28 U.S.C. § 1446, Defendant had until May 1, 2006, to file its notice of removal.  Defendant did not do so.  Several days after that deadline had passed, however, on or about May 8, 2006, Defendant filed a Suggestion of Bankruptcy and Notice of Automatic Stay which prompted the Circuit Court to issue an order dated May 11, 2006, staying the proceeding.  On May 23, 2006, after having been provided the aforementioned stipulation, the Circuit Court lifted the stay it imposed on May 11th and ordered Defendant to file its first responsive pleading by June 15, 2006.

As this chronology clearly reveals, the time for removal had passed before any stay was entered by the Circuit Court.  There is no reasoned basis to conclude, and Defendant has provided no authority to support the proposition, that a temporary stay entered by the state court somehow revived its right of removal.  Accordingly, Plaintiff's motion to remand will be granted.  A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: July 12, 2006